TIMOTHY BURGESS *v.* T. L. HUTCHISON.

Appeal and Error—Judgment Reversed.
    Where on the appeal, the facts show that justice does not appear to
    have been done acording to the evidence, the judgment will be reversed.

APPEAL FROM DAVIESS CIRCUIT COURT.

March 5, 1870.

OPINION OF THE COURT BY JUDGE PETERS:

From the affidavit of Weir, one of the attorneys of appellant,
he is illy qualified, if indeed competent, to attend to the prepara-
tion of his, case, on account of the infirmities of old age and
disease.   And from these causes it seems the preparation of his
case mainly devolved on his attorneys.   It also appears that the
week before the sitting of the court, Weir applied to the com-
missioner to know if he expected to make his report in these cases
to the approaching term and he informed him he did not, that it
could not then be done, and said to him he merely would present
a statement of the reasons why a report could not be made, and
under this assurance, he as attorney for appellant rested.   He
further states, that he himself had discovered from the books of
Wing & Tyler that their accounts charged as expenditures of the
hotel, had been created for, and were the private expenses of appel-
lee, the articles purchased were for his individual benefit and had
been paid in board of the clerks of said merchants, at the hotel,
and if time were allowed him he could show that the board of the
clerks aforesaid, was a proper charge against Hutchison, and were
not accounted for by him.
    Appellant from the facts manifested in the case, must have been
to a great etxent ignorant of the business, and of the condition
of the acounts between appellee and himself.   The books *reported*
to have been burned, and whether burned or not, inaccessible
to him, greatly increased the difficulty in preparing the cases,
on the part of appellant, while the knoweldge of the business, which
appellee had, gave him him much greater facilities in preparing
the cases for trial than his adversary had.

Under the peculiar circumstances of this case, and the belief of appellant's counsel that no report would be made, derived from the commissioner, and the possible hardship of the case, we think sufficient reasons were presented by appellant for a continuance, and that the court below should have re-committed the case to the master to hear additional proof, if the parties should offer any, and for a full report of the true state of the accounts between them.

It is not deemed necessary, or proper, to enter upon an examination of the details of the judgment, as the proof to be taken and further developments may essentially change the condition of the parties.

Wherefore the judgment is reversed and the cause is remanded for further proceedings consistent with this opinion.

*Harlan,* for appellant.

*Ray & Hardin,* for appellee.